ELIZABETH M. BORBAS

v.

VIRGINIA EMPLOYMENT COMMISSION

No. 0508-93-2

Decided February 22, 1994

---

COUNSEL

Barbara G. Mason (Virginia Legal Aid Society, Inc., on brief), for appellant.

Christopher D. Eib, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellees.

OPINION

**ELDER, J.**—Elizabeth M. Borbas appeals the trial court's affirmance of the Virginia Employment Commission's determination that she was dismissed for misconduct, thereby making her ineligible for unemployment compensation. On appeal, she argues that the commission erred in holding (1) that her multiple violations of security procedures constituted misconduct; and (2) that she failed to prove mitigating circumstances to excuse the misconduct. For the reasons that follow, we reverse the judgment of the trial court.

I.

From June 16, 1990, through September 27, 1991, following extensive training as a correctional officer, appellant worked full-time at Mecklenburg Correctional Center, a maximum security prison. During that time, she received three separate citations for failing to follow the State Standards of Conduct, policies designed to ensure prison security. Her first offense, which occurred on November 30, 1990, resulted when she opened the door to a stairwell from her position in the control room, thereby allowing a group of unescorted inmates to enter a secured hallway in which no correctional officer was present (Group I offense). On February 13, 1991, appellant failed in her duty to lock the door behind her when leaving her post in the control booth (Group II offense). On August 8, 1991, appellant was required to open an unoccupied cell so that two correctional officers could place an inmate in that cell. Instead, from her location in the control booth, she unlocked an occupied cell, allowing its inmate occupant to push open the cell door (Group II offense). Fortunately, correctional officers were able to return both inmates to their proper cells without incident. The State Standards of Conduct hold that two "active" Group II written notices provide a basis for the discharge of an employee. In this case, appellant had not only two active Group II notices, but one active Group I notice, as well. As a result, she was discharged.

Both the deputy commissioner and appeals examiner found that claimant had been discharged for reasons that did not constitute misconduct and therefore determined that she was entitled to benefits. The commission determined, however, that claimant's repeated security violations constituted misconduct under Code § 60.2-618(2). It also found that her contention that these violations were simple mistakes was not a sufficiently credible claim to mitigate her conduct, under Code § 60.2-618(2), especially in light of repeated warnings concerning her substandard job performance. The circuit court found that the commission's findings of fact were supported by credible evidence and that the commission properly applied the law to the facts.

## II.

Under Code § 60.2-618(2), Borbas is ineligible for unemployment benefits if her employer met its burden of proving that she was discharged for misconduct connected with her work. *See Kennedy's Piggly Wiggly Stores, Inc. v. Cooper*, 14 Va. App. 701, 704-05, 419 S.E.2d 278, 280 (1992). An employee may be guilty of misconduct in either of two instances:

> when [she] *deliberately* violates a company rule reasonably designed to protect the legitimate business interests of [her] employer, or when [her] acts or omissions are of such a nature or so recurrent as to manifest a *willful* disregard of those interests and the duties and obligations [she] owes [her] employer.

*Branch v. Virginia Employment Comm'n*, 219 Va. 609, 611, 249 S.E.2d 180, 182 (1978). Although it certainly may justify an employee's discharge, behavior which is involuntary, unintentional or the product of simple negligence does not rise to the level necessary to justify a denial of unemployment benefits. *Virginia Employment Commission v. Sutphin*, 8 Va. App. 325, 329, 380 S.E.2d 667, 669 (1989). "The statutory term 'misconduct' should not be so literally construed as to effect a forfeiture of benefits by an employee except in clear instances; rather, the term should be construed in a manner least favorable to working a forfeiture so as to minimize the penal character of the provision by excluding cases not clearly intended to be within the exception." *Cooper*, 14 Va. App. at 707-08, 419 S.E.2d at 282. "Whether an employee's behavior constitutes misconduct is a mixed question of law and fact reviewable by this court on appeal." *Israel v. Virginia Employment Comm'n*, 7 Va. App. 169, 172, 372 S.E.2d 207, 209 (1988). "[T]he findings of the Commission as to the facts, if sup-

ported by the evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." Code § 60.2-625; *see Virginia Employment Comm'n v. Peninsula Emergency Physicians, Inc.*, 4 Va. App. 621, 626, 359 S.E.2d 552, 554 (1987).

The commission determined in this case that the "claimant knew or should have known of the importance of the security procedures and the need for her to make certain that she did not compromise the facility's security and safety of her co-workers by failing to follow those procedures." The record showed, and claimant did not dispute, that she had received extensive training in Virginia Department of Corrections policies and procedures and that she was reprimanded each time she was found to have violated a policy. Although this Court has held that "a continuing recurrence of . . . violations over a period of time clearly establishes . . . a deliberate and willful misconduct," *Robinson v. Hurst Harvey Oil, Inc.*, 12 Va. App. 936, 940, 407 S.E.2d 352, 354 (1991); *see Britt v. Virginia Employment Comm'n*, 14 Va. App. 982, 985-86, 420 S.E.2d 522, 524 (1992); *Helmick v. Martinsville-Henry County Econ. Dev. Corp.*, 14 Va. App. 853, 859, 421 S.E.2d 23, 26 (1992), the facts in our cases decided on this basis are clearly distinguishable from those at issue here. In *Robinson*, the commission found that the discharged employee repeatedly consumed food belonging to the employer without paying for it, a volitional act clearly violative of company policy. 12 Va. App. at 939-40, 407 S.E.2d at 354. In *Helmick*, it found that defendant repeatedly refused to follow the reasonable instructions of her employer. She expressly refused to prepare one report, added unauthorized information to a second report, and sent out two other reports without allowing her supervisor to review them, in direct contravention of his orders. 14 Va. App. at 859-60, 421 S.E.2d at 26-27. In *Britt*, the commission held that an employee who had been reprimanded on three separate occasions for the same behavior—cursing and talking back to his supervisor—was guilty of misconduct. 14 Va. App. at 985-86, 420 S.E.2d at 524-25.

In this case, by contrast, there was simply no evidence that appellant's acts were volitional, and none of the reprimands involved the same behavior. Although all three incidents involved breaches of prison security, appellant violated three otherwise unrelated procedures. Finally, the record contains no evidence that appellant ever demonstrated an ability to perform her job satisfactorily. Absent a period of adequate job performance prior to appellant's breaches of se-

curity, we simply cannot conclude, applying the standard enunciated in *Branch* to the facts found by the commission, that her "acts or omissions [were] of such a nature or so recurrent as to manifest a *willful* disregard of those interests and the duties and obligations [she] owe[d] [her] employer."

Two cases from other jurisdictions with almost identical definitions of misconduct support this result. In *Simmons v. Gerace*, 377 So. 2d 407 (La. Ct. App. 1979), the Louisiana Court of Appeal held that the claimant nurse's various improper acts and omissions did not rise to the level of misconduct. *Id.* at 410.

> At most, the claimant's conduct constituted inadequate job performance, some errors in judgment, some inability to supervise personnel under her direction, and some personality attributes that did not please her supervisors. . . . Poor judgment, inability to cope with situations and occasional incidents of nondeliberate failure to precisely follow established rules and procedures, although giving the employer reason for terminating the employee . . ., does not constitute the kind of willful and deliberate misconduct that will disqualify the employee from receiving unemployment benefits as provided by law.

*Id.* Similarly, in *Swanson v. Columbia Transit Corp.*, 248 N.W.2d 732 (Minn. 1976), the Supreme Court of Minnesota held that a bus driver's involvement in three accidents in less than two months, although technically his fault, constituted no more than "mere inefficiency, unsatisfactory conduct, . . . inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment," none of which is sufficient "to be deemed misconduct." *Id.* at 733 (quoting *Boynton Cab Co. v. Neubeck*, 296 N.W. 636, 640 (Wis. 1941)).

Based on these principles, we hold that the record supports a finding that appellant's acts constituted negligence at most, not the misconduct necessary to justify a denial of benefits. Accordingly, we reverse the judgment of the trial court and direct the trial court to remand the matter to the Virginia Employment Commission with directions to enter an award consistent with this opinion.

*Reversed and remanded.*

Benton, J., and Koontz, J., concurred.