COURT OF APPEALS OF VIRGINIA

Present: Judges Koontz, Willis and Senior Judge Hodges
Argued at Salem, Virginia

DONNA WHITT

v.    Record No. 0969-94-3                    OPINION BY
                                      JUDGE LAWRENCE L. KOONTZ, JR.
ERVIN B. DAVIS & COMPANY, INC. and         MAY 30, 1995
 VIRGINIA EMPLOYMENT COMMISSION

            FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
                      Nicholas E. Persin, Judge

        Martin Wegbreit (Client Centered Legal Services of Southwest
        Virginia, Inc., on briefs), for appellant.

        Thomas R. Scott, Jr. (Terrence Shea Cook; Street, Street,
        Street, Scott & Bowman, on brief), for appellee Ervin B.
        Davis & Company, Inc.

        James W. Osborne, Assistant Attorney General (James S.
        Gilmore, III, Attorney General; John Paul Woodley, Jr.,
        Deputy Attorney General; Richard L. Walton, Jr., Senior
        Assistant Attorney General, on brief), for appellee Virginia
        Employment Commission.


        Donna Whitt (claimant) appeals a decision of the Circuit

Court of Buchanan County affirming a denial of unemployment

compensation benefits by the Virginia Employment Commission (VEC)

on the ground that she had been discharged for misconduct

connected with her employment with Ervin B. Davis & Company

(employer).  See Code § 60.2-618(2).  Claimant asserts that the

circuit court erred in finding that the VEC properly determined

that her poor job performance was the result of a willful

disregard for the interests of employer.  We disagree and affirm

the decision of the circuit court.

        Claimant worked as a secretary for employer and during the

initial term of her employment her job performance was

satisfactory.[1]  In the final six to eight months of her

employment, employer noticed a "significant deterioration" in the

quality of claimant's work product.  Claimant repeatedly made

similar errors when performing routine duties, which she had

previously accomplished without error.  Claimant was repeatedly

counseled about her job performance during this period.

Three months prior to her termination, claimant was advised

that her continued employment was contingent upon improvement in

her job performance.  Claimant's work product continued to be

unsatisfactory.  On August 20, 1992, claimant's supervisor gave

her written instructions concerning a specific assignment to be

performed.  Claimant completed the assignment later that day and

her work product was checked by the supervisor.  The supervisor

discovered that claimant had not followed the instructions she

had been given.  Claimant was offered the opportunity to resign

or be discharged.  She elected to resign.[2]

Claimant's initial application for unemployment benefits was

denied.  On appeal, the appeals examiner determined that

---

[1]The specific length of claimant's employment is unclear, with evidence in the record suggesting that she worked for employer from slightly more than two years to slightly less than five years.  The parties are in agreement that her initial job performance was satisfactory for a substantial period of time, exceeding eighteen months.

[2]The commission found, and the parties agree, that under the facts of this case, claimant's resignation was properly treated as a discharge.  Accordingly, this case does not involve the issue of whether claimant voluntarily left her employment without good cause.  See Code § 60.2-618(1).

claimant's actions were not deliberate, but that her work product had deteriorated for "some unknown reason" and awarded benefits. Employer appealed to the VEC, which reversed this determination. The VEC relied primarily upon Craft v. Virginia Employment Comm'n, 8 Va. App. 607, 383 S.E.2d 271 (1989), in which this Court upheld the denial of benefits following the discharge of a bookkeeper, who was subsequently charged with embezzling funds, after having been warned by her employer that her performance was unacceptable and would need to improve.  The VEC further found that no mitigating circumstances of the employment explained the decline in claimant's work product.

On claimant's appeal, the circuit court affirmed the decision of the VEC, finding that Borbas v. Virginia Employment Comm'n, 17 Va. App. 720, 440 S.E.2d 630 (1994), distinguished unintentional behavior not constituting misconduct from repeated or long-term acts of neglect constituting misconduct.  This appeal followed.

The issue presented by this appeal, as it was before the circuit court, is whether as a matter of law the VEC properly determined that claimant's poor job performance constituted misconduct justifying a denial of unemployment benefits.  The parties do not dispute that the VEC's findings of fact are supported by credible evidence in the record.  Accordingly, those facts are conclusive on appeal.  Code § 60.2-625; see also Lee v. Virginia Employment Commission, 1 Va. App. 82, 85, 335 S.E.2d

-3-

104, 106 (1985).  Under well settled principles, we consider the evidence in the light most favorable to the findings of the VEC to determine whether employer met its burden of proving that claimant was discharged for misconduct connected with her work. See Kennedy's Piggly Wiggly Stores, Inc. v. Cooper, 14 Va. App. 701, 704-05, 419 S.E.2d 278, 280 (1992); Virginia Employment Comm'n v. Peninsula Emergency Physicians, Inc., 4 Va. App. 621, 626, 359 S.E.2d 552, 554 (1987).

In Branch v. Virginia Employment Comm'n, 219 Va. 609, 249 S.E.2d 180 (1978), the Supreme Court established a two-pronged test for determining the type of employee misconduct that justifies a denial of employment benefits pursuant to Code § 60.2-618:

> [W]hen [the employee] deliberately violates a company rule reasonably designed to protect the legitimate business interests of his [or her] employer, or when [the employee's] acts or omissions are of such a nature or so recurrent as to manifest a willful disregard of those interests and the duties and obligations he [or she] owes his [or her] employer [denial of unemployment benefits is proper].

Id. at 611, 249 S.E.2d at 182.

The parties agree that our concern here involves only the second prong of the Branch definition of misconduct.  A deliberate violation of a company rule is not involved.  In this context, we agree with claimant that under Branch, when an employee is discharged for poor performance, he or she is entitled to unemployment compensation unless the employer shows that the conduct resulting in the employee's discharge

-4-

constituted acts or omissions of such a nature or so recurrent as to manifest willful disregard for the employer's interests.  Id.  Moreover, the record must establish that an employee's poor performance did not result merely from inexperience or an inability to perform the task assigned.  See Borbas, 17 Va. App. at 723, 440 S.E.2d at 632 (holding that the record should contain evidence that the employee had demonstrated an ability to perform adequately).

We further agree with claimant that in construing Branch, this Court has held that absent direct proof of willfulness, the VEC must consider both the nature and frequency of the acts from which willfulness is inferred.  Israel v. Virginia Employment Comm'n, 7 Va. App. 169, 176, 372 S.E.2d 207, 211 (1988).  We disagree, however, that both the nature and the frequency of the conduct must be detrimental to the employer's interests.  Rather, in Israel we held that the facts of the individual case would dictate whether individually or in combination, the nature and frequency of poor performance were sufficient to support the inference of willfulness.  Id.

Accordingly, we will assume, without deciding, that the nature of claimant's conduct was not alone sufficient to support an inference of willfulness.[3]  However, in light of claimant's

---

[3]The VEC identified errors in preparing routine correspondence, such as incorrect salutations, improper references, improper grammar, and failure properly to include enclosures.

prior satisfactory performance of identical duties and the provision of counseling and warnings received from employer, we hold that the nature of claimant's lapses in satisfactory performance, combined with their frequency, supports the VEC's determination that the decline in her job performance was the result of a willful disregard of the interests of her employer and, thus, constituted misconduct connected with her employment.

Finally, we turn to claimant's further assertion, at oral argument of this appeal, that the absence of evidence in the record negating alternative explanations for her decline in performance prohibited the VEC from concluding that such decline was attributable to willfulness rather than some other unexplained cause. We disagree. Employer established its prima facie case by showing that the nature and frequency of claimant's lapses in performance were contrary to its interests and, thus, inferentially willful.

"'[A p]rima facie [case consists of] evidence which on its first appearance is sufficient to raise a presumption of fact or establish[ed] the fact in question unless rebutted. It imports that the evidence produces for the time being a certain result, but that the result may be repelled.'" Commonwealth v. Dalton, 11 Va. App. 620, 623, 400 S.E.2d 801, 803 (1991)(habitual offender adjudication appeal citing standard for civil proceedings)(quoting Babbit v. Miller, 192 Va. 372, 379-80, 64 S.E.2d 718, 722 (1951)). Where the party having the burden of

-6-

proof presents a _prima facie_ case, the burden of going forward with the evidence shifts to the opposing party. While the burden of proof remains unchanged, the party against whom a _prima facie_ case exists can avoid the presumed result only by producing evidence to explain to the satisfaction of the trier of fact why the _prima facie_ evidence is in error or is otherwise not subject to the appropriate standard of law applicable to such facts. Such countervailing evidence is sufficient if it outweighs the _prima facie_ case or leaves the ultimate question in equipoise. See _Pullen v. Fagan_, 204 Va. 601, 604, 132 S.E.2d 718, 720 (1963)(standard applicable to civil proceedings); _Interstate Veneer Co. v. Edwards_, 191 Va. 107, 113-14, 60 S.E.2d 4, 7-8 (1950)(same).

We hold that the evidentiary rule shifting the burden of going forward with the evidence to the opposing party upon establishment of a _prima facie_ case by the party with the burden of proof applies in quasi-judicial administrative proceedings before the VEC.

Here, the record shows that claimant in fact attempted to rebut the employer's claim that her decline in performance was attributable to willful indifference to her duties by asserting that her duties had become more onerous. The VEC expressly rejected that assertion, finding that her duties had been the same throughout her employment.

Claimant argues that other explanations, such as personal

problems, illness, or family problems, might also explain her decline in performance and that the absence of evidence in the record disproving such explanations defeats the inference of willfulness. We disagree. It was not part of employer's burden of proof to disprove the existence of such causes. Rather, once the burden of going forward with the evidence had shifted to her, claimant was required to produce credible evidence of such causes to rebut employer's prima facie case. On appeal, she cannot rely on the mere possibility that such explanations might have been proven before the commission. Cf. Fordham v. Commonwealth, 13 Va. App. 235, 239, 409 S.E.2d 829, 831 (1991)(reasonable hypothesis presented on appeal to disprove result of a criminal trial must flow from the evidence adduced at trial rather than the imagination of the appellant).

For these reasons, the decision of the circuit court upholding the determination of the VEC is affirmed.

Affirmed.