**CIRCUIT COURT OF THE CITY OF RICHMOND**

Commonwealth Brokers, Inc.

v.

Virginia Employment Commission
and Diane F. Petree

August 3, 1995

Case No. HG-560-1

BY JUDGE MELVIN R. HUGHES, JR.

This [case is an] appeal of a Virginia Employment Commission decision. The appeal, noted by the employer, raises the question of whether the Commission decision to allow unemployment compensation benefits to a former employee was proper under law. The employer contends the former employee should have been denied benefits because of misconduct under § 60.2-618(2). Both the Commission and the employer agree that the circumstances support the termination of the employee but they disagree over whether the circumstances indicate misconduct as a disqualifier for benefits.

The employee was a secretary/receptionist in a branch office. Often she was the only employee present in the office. She was "allowed to resign" after she left the office unattended for an extended period of time without permission from her supervisor. The evidence reveals that at times the employee was authorized to be away, typically during a lunch break, she was required to set the security alarm and secure the door. She was also required to forward all incoming calls to another office. This time the employee advised the other office she would be away only a while beyond her designated time. She left leaving the door unlocked after failing to get

prior approval. While the employee was away the police responded to the office on two false alarms.

The parties agree that the leading case defining misconduct for purposes of unemployment compensation is *Branch v. Virginia Employment Commission*, 219 Va. 609 (1978). In *Branch* the court announced that misconduct is when the employee:

> deliberately violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a willful disregard of these interests and the duties and obligations he owes his employer [citation omitted].

*Id.* at 611. The employer argues that the Commission's finding of eligibility recognized the "willful" part of this definition without taking into account that misconduct can be predicated on deliberate acts which it believes the record demonstrates the employee engaged in here. In other words the employer sees the evidence establishing deliberate conduct and argues that the Commission focused on willful conduct and thereby evaluated the evidence incompletely. Thus, the employer argues, the employee should have been disqualified for reasons of misconduct.

Under the standard of review given by the legislature in these cases provided in § 60.2-625(A), the Commission's findings of fact are conclusive, absent fraud, and the court's review is confined to questions of law.[1] Applying both parts of the *Branch* definition of misconduct separated as it is by the disjunctive "or" the court cannot conclude that Commission's decision is not in keeping with law.

There is no evidence in this record that the employee's conduct leading up to the incident that caused her separation had been longstanding. This was a one time incident. The acts that the employee committed which were found to be violative of company policy were (1) not gaining prior approval for an extended absence (2) not securing the office door (although she did set the security alarm), and (3) not advising another office of how long her extended absence would be. There is no doubt in the court's mind that the employee's conduct constituted acts of neglect. Negligence has not been found as a basis for misconduct in these cases. *Bor-*

---

[1] At the hearing the court stated its review would be based on the substantial evidence rule. Counsel for the Commission stated the review standard set up by § 60.2-645(A) is different from the substantial evidence test.

*bus v. Virginia Employment Commission*, 17 Va. App. 720 (1994). Certainly some of the things listed can be said to have been done intentionally but there is nothing in the record to support that any of them were done deliberately, as the employer contends. For instance, she certainly left the office, intentionally, for a non-routine absence. But failing to lock the doors of the office is more of an act of omission than commission. I suppose her failure to get prior approval could be characterized as intentional. The same can be said of some of the other infractions. However, measured as a whole the conduct that brought about the employee's separation comports with the sense that the things were not done by omission rather than commission.

These infractions do not take on the sense of reflecting and thinking through carefully and then going ahead with an abiding consciousness to violate company rules, either as a single transaction, as was the case, or as one might infer deliberation if they had been done repeatedly over a course of time.

For these reasons there is no reason to conclude that the Commission decision was erroneous as a matter of law. The Commission's decision is affirmed.