COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Benton and Coleman
Argued at Salem, Virginia


THOMAS M. GERNI
                                      MEMORANDUM OPINION[*]
v.        Record No. 0146-95-3     BY JUDGE SAM W. COLEMAN III
                                        DECEMBER 12, 1995
VIRGINIA EMPLOYMENT COMMISSION, ET AL.


             FROM THE CIRCUIT COURT OF GRAYSON COUNTY
                     Willis A. Woods, Judge

          Terri E. LeGrand for appellant.

          James W. Osborne, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee Virginia Employment
          Commission.

          No brief or argument for appellee Minneapolis
          Postal Data Center.


     Thomas Gerni appeals from the trial court's order affirming

the Virginia Employment Commission's decision denying him

unemployment compensation benefits.  Gerni contends that the

commission erred in holding that he was discharged for misconduct

connected with his work.  Code § 60.2-618(2).  We hold that the

commission did not err and affirm the trial court's order.

     On appeal, "the findings of the commission as to the facts,

if supported by evidence and in the absence of fraud, shall be

conclusive, and the jurisdiction of the court shall be confined

to questions of law."  Code § 60.2-625(A); Israel v. Virginia

Employment Comm'n, 7 Va. App. 169, 172, 372 S.E.2d 207, 209

─────────────
        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

(1988). The claimant does not dispute the commission's finding of facts, but contends that the facts are insufficient to support a finding of misconduct. "Whether an employee's behavior constitutes misconduct . . . is a mixed question of law and fact reviewable by this court on appeal." Israel, 7 Va. App. at 172, 372 S.E.2d at 209.

In Branch v. Virginia Employment Comm'n, 219 Va. 609, 249 S.E.2d 180 (1978), the Supreme Court established a two-prong test defining misconduct connected with work under Code § 60.2-618(2).

> [A]n employee is guilty of "misconduct connected with his work" when he deliberately violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a willful disregard of those interests and the duties and obligations he owes his employer.

Id. at 611, 249 S.E.2d at 182. The basis for the claimant's discharge was that he failed to follow the restrictions his treating physician set for him while claiming total disability from a job-related injury, and he performed unsatisfactorily and failed to follow instructions by misdelivering mail. We hold that either of these two reasons satisfies the prong of the Branch test that defines misconduct as acts that are of such a nature as to manifest a willful disregard of the employer's legitimate business interests.

The claimant contends that he did not exceed the doctor's restrictions because the doctor did not specifically prohibit him

from playing tennis.  Although the doctor made no specific reference to bed rest, exercise, or activities to avoid, he determined that the claimant suffered from a cervical subluxation, a cervicobrachial syndrome, and muscle spasms, and advised the claimant "to rest for two days at home."  Moreover, the doctor signed a disability certificate certifying that the claimant was totally incapacitated from working during the period of May 19 through May 21.  In addition, the doctor informed the employer that playing tennis would aggravate the claimant's injury and impede the recovery process.  On this record, the claimant could not have reasonably inferred that playing tennis was a permissible activity during the time he was supposed to be recovering from his injury.  Either his condition was such that his absence from work was not justified, which required his employer to pay him and the expense of his substitute, or if justified, he failed to facilitate his recovery and his return to work by ignoring the medical advice of his doctor.  Therefore, the facts indicate that the claimant was guilty of misconduct either by unjustifiably being absent from work or willfully disregarding his employer's interests by playing tennis in contravention of the doctor's instructions "to rest at home for two days."

The claimant's misdelivery of mail also proved a willful disregard of the employer's interests.  Despite the fact that the postmaster orally instructed the claimant to deliver a bundle of

mail to Route 2, Box 38 and provided him with a slip of paper listing this address, the claimant delivered the mail to Route 1, Box 289D.  The evidence supports the commission's finding that the claimant misdelivered the mail because he intentionally disobeyed the postmaster's instructions.  This was not the first time the claimant had misdelivered the mail, and recurrent violations establish deliberate and willful misconduct.  See Borbas v. Virginia Employment Comm'n, 17 Va. App. 720, 723, 440 S.E.2d 630, 632 (1994); Israel, 7 Va. App. at 175, 372 S.E.2d at 211.  The claimant does not dispute that he intentionally delivered the mail to the addressee's old address, even though the postmaster had directed him to deliver the mail to the new address where the addressee had moved.  The claimant contends that he disobeyed the postmaster because he was adhering to his employer's regulations.  Delivering the mail was the most important aspect of the claimant's job.  By failing to deliver the mail properly in accordance with the postmaster's instructions and by knowing that he was misdelivering, the claimant willfully disregarded the duties and obligations he owed his employer.

Because the claimant intentionally exceeded the physical limitations the doctor imposed and misdelivered mail, we hold that he was discharged for conduct connected with his work.[1]

---

[1] In its findings of fact, the commission noted that the claimant had been disciplined on six different occasions prior to May 1993.  "[A]bsent direct proof of willfulness, the

Accordingly, we affirm the trial court's order.

<u>Affirmed.</u>

---

[commission] must consider both the nature and frequency of the acts from which willfulness is inferred." <u>Whitt v. Ervin B. Davis & Co.</u>, 20 Va. App. 432, 437, 457 S.E.2d 779, 781-82 (1995). We do not consider the frequency of the claimant's prior misconduct, however, because under the facts of this case, we conclude that the nature of the claimant's actions--playing tennis while supposedly incapacitated and failing to deliver the mail in accordance with the postmaster's instructions--is "sufficient to support the inference of willfulness." <u>Id.</u>, 457 S.E.2d at 782.