COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Senior Judge Cole
Argued at Salem, Virginia


JERRY F. HUNTER
                                   MEMORANDUM OPINION[*] BY
v.         Record No. 0947-97-3     JUDGE LARRY G. ELDER
                                     DECEMBER 23, 1997
VIRGINIA EMPLOYMENT COMMISSION, ET AL.


              FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                     Mosby G. Perrow, III, Judge


          James L. Scruggs (Virginia Legal Aid Society,
          Inc., on briefs), for appellant.

          Robert L. Walker, Assistant Attorney General
          (Richard Cullen, Attorney General; William A.
          Diamond, Assistant Attorney General, on
          brief), for appellee Virginia Employment
          Commission.

          No brief or argument for appellee D. M.
          Broughton & Associates, Inc.



     Jerry F. Hunter (appellant) appeals an order of the Circuit

Court of the City of Lynchburg (circuit court) affirming a

decision of the Virginia Employment Commission (commission)

denying his claim for unemployment benefits.  He contends that

the trial court erred when it concluded that the evidence was

sufficient to support the commission's determination that he was

"discharged for misconduct connected with his work."  For the

reasons that follow, we affirm.

     "In order to receive unemployment benefits, a claimant must

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

be eligible under Code § 60.2-612 and not disqualified under Code § 60.2-618." Actuarial Benefits & Design Corp. v. Virginia Employment Comm'n, 23 Va. App. 640, 645, 478 S.E.2d 735, 737 (1996). Under Code § 60.2-618(2), a claimant is disqualified from receiving unemployment benefits "if the Commission finds such individual is unemployed because he has been discharged for misconduct connected with his work." The Virginia Supreme Court has construed the phrase "misconduct connected with his work" to bar entitlement to benefits in two scenarios: (1) when the claimant "deliberately violate[d] a company rule reasonably designed to protect the legitimate business interests of his employer" or (2) when "[the claimant's] acts or omissions are of such a nature or so recurrent as to manifest a willful disregard of those interests and the duties and obligations he owes to his employer." Branch v. Virginia Employment Comm'n, 219 Va. 609, 611, 249 S.E.2d 180, 182 (1978) (emphasis in original); see also Virginia Employment Comm'n v. Gantt, 7 Va. App. 631, 634, 376 S.E.2d 808, 811, aff'd en banc, 9 Va. App. 225, 385 S.E.2d 247 (1989); Israel v. Virginia Employment Comm'n, 7 Va. App. 169, 173, 372 S.E.2d 207, 209 (1988). The range of behavior that constitutes "misconduct" under Code § 60.2-618(2) is more narrow than the range of behavior that justifies an employer's decision to discharge an employee. "[E]mployees who are fired for what the employer considers good cause may [still] be entitled to unemployment compensation," Blake v. Hercules, Inc., 4 Va. App.

2

270, 273, 356 S.E.2d 453, 455 (1987), and "behavior which is involuntary, unintentional or the product of simple negligence does not rise to the level necessary to justify a denial of unemployment benefits." Borbas v. Virginia Employment Comm'n, 17 Va. App. 720, 722, 440 S.E.2d 630, 631 (1994).

The burden is on the employer to prove that a claimant's discharge was due to misconduct connected with his work. See Kennedy's Piggly Wiggly Stores, Inc. v. Cooper, 14 Va. App. 701, 705, 419 S.E.2d 278, 280-81 (1992). Once the employer has established a prima facie case of misconduct connected with the work, "the burden shifts to the claimant to prove circumstances in mitigation of his or her conduct." Gantt, 7 Va. App. at 635, 376 S.E.2d at 811; see also Whitt v. Ervin B. Davis & Co., Inc., 20 Va. App. 432, 438-39, 457 S.E.2d 779, 782 (1995). Mitigating circumstances include those considerations that tend to establish that the employee's actions were not in deliberate, willful disregard of a company rule or the employer's business interests. Gantt, 7 Va. App. at 635, 376 S.E.2d at 811.

"Whether an employee's behavior constitutes misconduct is a mixed question of law and fact reviewable by this court on appeal." Israel, 7 Va. App. at 172, 372 S.E.2d at 209. The commission's factual findings are conclusive and binding if supported by the evidence and in the absence of fraud. Code § 60.2-625. "Under well settled principles, we consider the evidence in the light most favorable to the findings of the VEC

3

to determine whether employer met its burden of proving that claimant was discharged for misconduct connected with [his] work." Whitt, 20 Va. App. at 436, 457 S.E.2d at 781.

We hold that appellant's failure to notify employer of his absence from work until noon on July 8, 1996 constituted "misconduct connected with his work" that disqualified him from receiving unemployment benefits. Appellant does not contend that employer's attendance policy is not "reasonably designed to protect the legitimate business interests of [employer]." The commission found that appellant "knew that his employer expected prompt notification if he was unable to report for work as scheduled" and concluded that appellant "deliberately and willfully failed to give [notice to employer] in the morning of July 8, 1996." These findings are supported by credible evidence in the record. Charles W. Read, employer's president, testified that employer had a verbal policy requiring employees to notify it of absences "first thing in the morning." He also testified that this policy was "made plain" to all employees, including appellant. Appellant testified that, when he awoke on July 8, he experienced substantial pain in the area of his stomach. However, despite his knowledge that he was expected at work at 7:30 in the morning and that employer required prompt notification of illness-related absences, appellant did not report his absence to employer until "about noon." Appellant offered no evidence indicating that his condition on July 8

4

prevented him from either calling employer before noon or asking his mother to call for him. In light of the commission's findings, which are binding on appeal, we conclude that appellant "deliberately violated a company rule reasonably designed to protect the legitimate business interests of his employer." As such, the circuit court's affirmance of the commission's decision that appellant was disqualified from receiving benefits was not erroneous.

For the foregoing reasons, we affirm the order of the circuit court.

<u>Affirmed</u>.