# CIRCUIT COURT OF PRINCE GEORGE COUNTY

Roy Stephen Brockwell

v.

Joni S. Bowman
and Va. Employment Comm'n

April 10, 2009

Case No. CL07-604

BY JUDGE W. ALLAN SHARRETT

This case comes before the Court on Roy Stephen Brockwell's Petition for Judicial Review of the October 23, 2007, decision of the Virginia Employment Commission ("the Commission") in the matter of Joni S. Bowman, the claimant, Commission Decision No. 81490-C. The Commission qualified Bowman for unemployment benefits upon concluding that she was discharged from Brockwell's services for reasons other than work-related misconduct. Brockwell appealed to this Court, asking it to reverse the Commission's decision. He contends that Bowman was discharged for work-related misconduct and thus should be disqualified for benefits pursuant to Va. Code § 60.2-618(2) (2006 & Supp. 2008). For the following reasons, the Court affirms the Commission's decision.

*Standard of Review*

The Code of Virginia provides the applicable standard of review: "[T]he findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the

court shall be confined to questions of law." Va. Code § 60.2-625(A) (2006). There have been no allegations of fraud; therefore, the Commission's findings of fact are conclusive and binding on this Court, unless it is shown that the findings are not supported by the evidence. Brockwell asserts in his Petition for Judicial Review that the Commission's decision should be reversed "based on [the Special Examiner's] incorrect finding of facts." (Pet. Jud. Review 5.) Upon thorough review of the record, particularly the transcript of the evidentiary hearing before the Appeals Examiner on May 22, 2007, the Court finds that the findings of fact made by the Special Examiner, as stated in his decision of October 23, 2007, are supported by the evidence. Thus, the facts below are as provided by the Special Examiner.

*Summary of Facts*

Employer filed a timely appeal from the Appeals Examiner's decision of May 24, 2007, which reversed the Deputy's decision of February 16, 2007, and qualified Claimant for unemployment benefits. Prior to filing her claim, Claimant last worked for Brockwell, t/a Steve's Custom Craft of Carson, Virginia. She began work September 26, 2006, and last worked January 19, 2007. She was a receptionist/clerical worker earning $30,000 per year. She was discharged from her position by letter on January 24, 2007.

The employer gave numerous reasons for Claimant's discharge, tardiness to work, not completing tasks, disrespect towards Brockwell, and disrespect towards coworkers and customers. The culminating incident was Employer's conclusion that Claimant had acted in a disloyal manner towards the company by sending a price list from a vendor Employer did not use to competitors. This supposedly caused confusion and discontentment. Regarding the tardiness and the other issues, Brockwell said he verbally warned Claimant regarding these. Claimant denied receiving any warnings, verbal or otherwise, and there were no witnesses to verify his or her version of these events.

Claimant previously worked for a marble company that supplied countertop material to the employer. Claimant received a price list from a competing marble firm and suggested to Employer that he might wish to consider changing suppliers due to the lower prices. He told her that he was happy with the first firm because he had established a long-term business relationship with it. Claimant sent a copy of the price list, which she received by facsimile, to a company in the same business as Employer, which was run by someone she knew personally. This was done at his request, and she did it from home. Employer produced no evidence to show that this price list had

been copied and sent to any other competing company. Employer did find, after Claimant's separation, a partially addressed and stamped envelope, as well as a color list and order form from the competing marble company, in Claimant's desk drawer, and these documents were entered into the record as an exhibit. Claimant left her job with Employer's marble supplier on good terms and had no animus towards that company. She was terminated from her job while on a scheduled vacation.

Claimant was never warned concerning any aspect of her job performance. Although there were incidents when she made errors at work, during the course of the Appeals Examiner's hearing, all charges other than that involving the allegations of disloyalty received very little emphasis. Employer did not have the marble price list that Claimant sent to the competing company or the envelope it was sent in.

### Discussion

The question the Court must answer is whether the findings of fact are sufficient in law to constitute misconduct, as explained in Va. Code § 60.2-618(2) (2006 & Supp. 2008). If so, then Bowman is not qualified to receive unemployment compensation benefits; if not, then she is so qualified. In answering this question of law, the Court must consider the evidence in the light most favorable to the findings of the Commission. *See Whitt v. Ervin B. Davis & Co.*, 20 Va. App. 432, 436, 457 S.E.2d 779, 781 (1995).

The Supreme Court of Virginia construed § 60.2-618(2) in *Branch v. Virginia Employment Comm'n*, 219 Va. 609, 249 S.E.2d 180 (1978), and set forth therein a test for work-related misconduct:

> [A]n employee is guilty of "misconduct connected with his work" when he deliberately violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a willful disregard of those interests and the duties and obligations he owes his employer.

*Id.* at 611-12, 249 S.E.2d at 182 (citations omitted).

The employer bears the initial burden of showing misconduct connected with the work, either by deliberate violation of a rule or by an act manifesting a willful disregard of the employer's interest. *See Virginia Employment Comm'n v. Gantt*, 7 Va. App. 631, 635, 376 S.E.2d 808, 811 (1989). If the employer satisfies his burden, then "the burden shifts to the employee to prove

circumstances in mitigation of his or her conduct." *Id.* "[I]n order to constitute misconduct, the total circumstances must be sufficient to find a deliberate act of the employee which disregards the employer's business interest." *Id.*

In the instant case, the findings of fact are insufficient in law to constitute work-related misconduct. Brockwell has not borne his burden of showing work-related misconduct by Bowman.

Bowman received a price list from a marble company that was a competitor with Employer's supplier and mailed it to a friend who was in the same line of work as Brockwell. Bowman's and Brockwell's testimony conflict as to whether Bowman stamped Employer's return address on the envelope. However, even if Bowman did send the letter with Employer's return address, Brockwell accused Bowman of sending out *multiple* letters to other cabinet shops to discourage them from using Brockwell's marble company. The evidence does not support this allegation. The partially addressed envelope found in Bowman's desk drawer was never mailed, and there is nothing to show she intended to send a price list to the addressee.

With respect to the allegations of Bowman's tardiness, inability to follow direct orders, personal tasks being performed at work, and uncooperative attitude, the Court knows very little, as the parties have focused almost exclusively on the allegations of disloyalty and the sending of the price list. Brockwell said he verbally warned Bowman about these problems, and Bowman denies receiving any warnings, verbal or otherwise. The findings of fact and a review of the record show that neither party's evidence is more credible than the other's as to these issues.

Overall, the parties' evidence cancels each other out. Just as the Special Examiner concluded, this means that Employer has failed to establish by a preponderance of the evidence that Employee's discharge was due to work-related misconduct. In fact, also as noted by the Special Examiner, the actual reason for Brockwell's termination of Bowman remains unknown. In the termination letter, Brockwell cites the price list sent to a competing company as one of the most convincing factors for discharging Bowman; however, Brockwell testified before the Appeals Examiner that he was not going to discharge her for that. Thus, the preponderance of the evidence cannot establish that her discharge was due to work-related misconduct, as the reasons for termination remain unclear.

For the foregoing reasons, the Court finds that Bowman was not discharged for work-related misconduct, and affirms the October 23, 2007, decision of the Special Examiner, qualifying Bowman for unemployment benefits effective January 28, 2007.