COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Powell
Argued at Alexandria, Virginia


DIANE C. H. McNAMARA

v.        Record No. 2317-08-4

VIRGINIA EMPLOYMENT COMMISSION AND
  JEFFREY W. JOERGER

OPINION BY
JUDGE LARRY G. ELDER
AUGUST 18, 2009


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Alfred D. Swersky, Judge Designate

Alan Shachter (Rachel A. Shachter, on briefs), for appellant.

Thomas W. Nesbitt, Assistant Attorney General (Robert F. McDonnell, Attorney General, on brief), for appellee Virginia Employment Commission.

No brief or argument for appellee Jeffrey W. Joerger.


Diane C.H. McNamara (employer) appeals from a decision of the Prince William County

Circuit Court affirming the determination of the Virginia Employment Commission (the

commission) that Jeffrey W. Joerger (claimant) was entitled to unemployment benefits.  On

appeal, McNamara contends the circuit court erroneously concluded the commission's factual

findings were supported by the evidence.  We hold the circuit court did not err in concluding

credible evidence in the record supports the commission's finding.  Thus, we affirm.

I.

BACKGROUND

Employer, a workers' compensation attorney operating her own law firm as a sole

proprietor, hired claimant as an assistant paralegal on October 24, 2006.  She terminated

claimant's employment on February 1, 2007.

Claimant filed a claim for unemployment benefits with the commission. Employer disputed the claim, contending she discharged claimant for misconduct connected with his work. Following a telephonic fact-finding conference, a commission deputy determined claimant's deficiencies in job performance did not rise to the level of misconduct and held claimant was entitled to unemployment benefits.

Employer appealed the deputy's determination to an appeals examiner, who conducted a hearing at which employer and claimant testified. Employer indicated claimant portrayed himself as an experienced office worker and paralegal and that, although she "saw that he was . . . capable of performing the job" for short periods of time, he was not consistent, completed his assigned tasks in a timely fashion only when she "stay[ed] on top of him," and never completed some of the tasks on his original "to-do" list. Claimant said he performed his job to the best of his ability and that he was not aware until six days before he was terminated that employer was dissatisfied with his work product or level of productivity.

The appeals examiner issued a written decision in which she recognized that employer bore the burden of proving misconduct and concluded she had done so. The appeals examiner found that claimant failed to complete tasks in the manner he had been trained to do, despite appropriate guidance and warnings. The appeals examiner concluded this evidence, coupled with claimant's admissions that he did not record and log certain costs as he had been trained to do, "clearly demonstrates a willful disregard for the employer's business interests, thus amounting to misconduct." She concluded "claimant could do much of the work" and that he "simply chose not to." Based on these findings, the appeals examiner held claimant was disqualified from receiving unemployment benefits.

Claimant appealed to the commission, which appointed a special examiner[1] to hear oral argument and receive written submissions from the parties.

The special examiner, on behalf of the commission, ruled as follows:

> The Commission rejects the testimony of the employer to the effect that she informed the claimant before he had worked as much as a month that she wanted to terminate him and that he had begged so hard for his job that she agreed to place him on three month's [sic] probation which he had subsequently failed so as to bring about his termination. Not only did the claimant specifically deny ever being told this, but the fact that he received a Christmas bonus with a note indicating that it was for a job well done runs counter to the employer's contentions in this regard.

> This employer has not made out a prima facie case that the claimant deliberately or willfully violated any rules or standards of behavior expected of him as an employee. Instead, the most that has been proven is that he was guilty of poor performance or errors in judgment which would not be sufficient to constitute misconduct in connection with work. While the commission takes no issue with the employer's decision to terminate the claimant due to his inability to pick up procedures on his own and do the necessary multi-tasking required in a solo practice law office, he should not be disqualified for benefits as a result of his separation.

Employer filed a petition for review in the circuit court, contending the commission should have deferred to the appeals examiner's credibility determinations and held claimant was discharged for behavior amounting to willful misconduct. The circuit court held that although "[m]ultiple complaints by the employer about Claimant's performance appear to be justified," the evidence supported the commission's finding that employer "failed to present sufficient evidence . . . to make a prima facie showing that she discharged [claimant] for misconduct connected with his work."

Employer noted this appeal.

---

[1] Code § 60.2-622(C) permits the commissioner to designate a special examiner to hear appeals to the commission. The special examiner's decision "shall be the final decision of the Commission under this section, subject to judicial review under § 60.2-625." Code § 60.2-622(C).

II.

ANALYSIS

Employer's challenge to the award of benefits turns largely upon the commission's assessment of the credibility of the evidence. She contends the commission arbitrarily disregarded the credibility determinations of the appeals examiner, who heard the witnesses testify, and that the commission was not authorized to do so. She also argues one of the commission's specific factual findings is not supported by the evidence and that the circuit court's affirmance of the commission's decision failed to recognize this fact. In part as a result of these errors, she avers the commission and circuit court erred in concluding she did not meet her burden of presenting a *prima facie* case of misconduct. Finally, she contends claimant failed to rebut her evidence of misconduct and that the commission should have held claimant was disqualified from receiving unemployment benefits.

A.

FACTUAL FINDINGS

In the course of an appeal of a commission decision to the circuit court or this Court, "the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive." Code § 60.2-625(A). "[T]he commission is charged with the responsibility of resolving [both] questions . . . of controverted facts" and "questions of credibility." Va. Empl. Comm'n v. Gantt, 7 Va. App. 631, 635, 376 S.E.2d 808, 811, aff'd on reh'g en banc, 9 Va. App. 225, 385 S.E.2d 247 (1989) (adopting panel decision as written). If the commission's findings are supported by the evidence, they are binding on appeal. Kennedy's Piggly Wiggly Stores, Inc. v. Cooper, 14 Va. App. 701, 704, 419 S.E.2d 278, 280 (1992). "Whether an employee's behavior constituted misconduct . . . is a mixed question of law and fact . . . ." Israel v. Va. Empl. Comm'n, 7 Va. App. 169, 172, 372 S.E.2d 207, 209 (1988).

- 4 -

At issue in this case is the degree of deference the commission owes to its appeals examiner's determinations of witness credibility. We have not previously addressed this question in a published decision. In the workers' compensation context, established principles provide that the Workers' Compensation Commission is not bound by a deputy commissioner's prior findings on questions of witness credibility. Bullion Hollow Enters., Inc. v. Lane, 14 Va. App. 725, 729-30, 418 S.E.2d 904, 907 (1992) (citing Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 382, 363 S.E.2d 433, 437 (1987)). In first enunciating this standard, we noted the Workers' Compensation Commission has statutory authority to hear a case *de novo* and that, under such circumstances, it is not bound by the credibility determinations or other factual findings of the deputy. Pierce, 5 Va. App. at 382-83, 363 S.E.2d at 437-38 (quoting former Code § 65.1-97, now Code § 65.2-705, which provides that upon an application for review of the decision of a deputy, the Workers' Compensation Commission "'shall review the evidence or, if deemed advisable, . . . *hear the parties at issue, their representatives and witnesses*'"). From this statutory authority, we reasoned that when the Workers' Compensation Commission opts to conduct a review on the record without hearing evidence, it must explain any credibility determinations it makes that are contrary to the deputy's only if the deputy "ma[de] an explicit finding of credibility based upon a witness' demeanor or appearance at the hearing." Lane, 14 Va. App. at 728, 418 S.E.2d at 907. We expressly held that, "[a]bsent a specific, recorded observation [by the deputy] regarding the behavior, demeanor or appearance of [a particular witness], the [Workers' Compensation Commission] ha[s] no duty to explain its reasons for finding [one witness] more credible than [another]." Id. at 729, 418 S.E.2d at 907.

Just as in the workers' compensation context, the statute governing the Employment Commission's review of an appeals examiner's decision provides that the commission may "receive [additional] evidence itself," Code § 60.2-622(A), thereby permitting *de novo* review.

- 5 -

Accordingly, we now hold that, just as in matters before the Workers' Compensation Commission, see Lane, 14 Va. App. at 729-30, 418 S.E.2d at 907, the Employment Commission is not bound by the appeals examiner's prior findings on questions of witness credibility. In this context, as in that one, we hold the commission must explain any credibility determinations it makes that are contrary to the appeals examiner's only if the appeals examiner "ma[de] an explicit finding of credibility based upon a witness' demeanor or appearance at the hearing." See id. at 728, 418 S.E.2d at 907. "*Absent a specific, recorded observation [by the appeals examiner] regarding the behavior, demeanor or appearance of [a particular witness]*, the commission ha[s] no duty to explain its reasons for finding [that witness] more credible than [another]." Id. at 729, 418 S.E.2d at 907 (emphasis added).

Applying these principles to a

> review of the [appeals examiner's] decision [here], we find no "specific, recorded observation" concerning any witness' demeanor or appearance insofar as it relates to a credibility determination. Although [the appeals examiner's] decision [was] based . . . upon [her acceptance of the testimony of employer over claimant], that decision does not set forth a credibility determination formed by observing [either] witness' demeanor or appearance.

Id. Because the commission's determination regarding the witness' credibility was not plainly wrong, the circuit court did not err in upholding the commission's decision to credit claimant's testimony over employer's.

We also conclude, given the applicable standard of review on appeal, that the commission's finding that claimant "received a Christmas bonus with a note indicating . . . it was for a job well done" is supported by the evidence.[2] The commission's written decision expressly

---

[2] Counsel for the commission contended at oral argument that the commission's factual findings related to the holiday card and bonus check were dicta. Because the commission's written opinion establishes it weighed the evidence of both parties and concluded, based on that

found as a fact that claimant "received a $200 Christmas bonus with a note thanking him for his help" and cited Exhibit 9 in support of this finding. Exhibit 9 confirms the note accompanying the bonus check read, "Thank you for your help." Under settled principles, a fact finder is entitled to draw reasonable inferences from the evidence. See Bros. Constr. Co. v. Va. Empl. Comm'n, 26 Va. App. 286, 296, 494 S.E.2d 478, 483 (1998); see also Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). The statement, "Thank you for your help," implies that at least some portion of claimant's job was "well done," and employer conceded as much when she testified that claimant successfully worked with two difficult clients over the phone and was able to complete his paperwork in a timely fashion for short periods of time. We hold the commission's statement that the check was for "a job well done," after its express finding that the note accompanying the check said, "Thank you for your help," constituted a reasonable inference from the evidence.

B.

## *PRIMA FACIE* CASE AND THE WEIGHT OF THE EVIDENCE

An employee shall be disqualified from receiving unemployment benefits "if the Commission finds such individual is unemployed because he has been discharged for misconduct connected with his work." Code § 60.2-618. Manifestly, only behavior known to the employer at the time of the discharge may serve as a basis for a finding of misconduct "resulting in the employee's discharge." See Whitt v. Ervin B. Davis & Co., Inc., 20 Va. App. 432, 437, 457 S.E.2d 779, 781 (1995); see also Robinson v. Commonwealth, 228 Va. 554, 558, 322 S.E.2d 841, 843 (1984) (noting "'a man cannot be influenced or moved to act by a fact or circumstance

---

weighing, that employer failed to present a *prima facie* case of misconduct, see discussion, infra, Part II.B., the commission's findings about the holiday card and bonus check were not dicta.

of which he is ignorant'" (quoting Mullins v. Commonwealth, 113 Va. 787, 789-90, 75 S.E. 193, 195 (1912))).  Under settled principles,

> an employee is guilty of "misconduct connected with his work" when he deliberately violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a willful disregard of those interests and the duties and obligations he owes his employer.

Branch v. Va. Empl. Comm'n, 219 Va. 609, 611, 249 S.E.2d 180, 182 (1978).  The parties agree that only the second prong of Branch's "misconduct" definition is at issue in this case.

"[A] continuing recurrence of . . . violations over a period of time [may] clearly establish[] . . . a deliberate and willful misconduct."  Robinson v. Hurst Harvey Oil, Inc., 12 Va. App. 936, 940, 407 S.E.2d 352, 354 (1991); see Helmick v. Martinsville-Henry County Econ. Dev. Corp., 14 Va. App. 853, 421 S.E.2d 23 (1992); Britt v. Va. Empl. Comm'n, 14 Va. App. 982, 420 S.E.2d 522 (1992).  However, the term "'"misconduct" should not be so literally construed as to effect a forfeiture of benefits by an employee except in clear instances; rather, the term should be construed in a manner least favorable to working a forfeiture so as to minimize the penal character of the provision . . . .'"  Cooper, 14 Va. App. at 707-08, 419 S.E.2d at 282 (quoting 76 Am. Jur. 2d Unemployment Compensation § 77 (1992)).  "Although it certainly may justify an employee's discharge, behavior which is involuntary, unintentional or the product of simple negligence does not rise to the level necessary to justify a denial of unemployment benefits."  Borbas v. Va. Empl. Comm'n, 17 Va. App. 720, 722, 440 S.E.2d 630, 631 (1994).

If an employer presents *prima facie* evidence of misconduct, the burden shifts to the claimant to prove "circumstances in mitigation of such conduct."  Branch, 219 Va. at 611-12, 249 S.E.2d at 182.  "Mitigating circumstances are likely to be those considerations which establish that the employee's actions were not in disregard of [the employer's] interests.

- 8 -

Evidence of mitigation may appear in many forms which, singly or in combination, to some degree explain or justify the employee's conduct." Gantt, 7 Va. App. at 635, 376 S.E.2d at 811. Absent proof of circumstances in mitigation, established to the satisfaction of the fact finder, the employee is "disqualified for benefits." Branch, 219 Va. at 611-12, 249 S.E.2d at 182.

Employer contends both that she presented a *prima facie* case of misconduct and that the weight of the evidence in fact proved misconduct. The commission, by counsel, contends employer did not present a *prima facie* case of misconduct and, as a result, that "the only facts that matter are those that [employer] put into evidence." It contends that if this Court holds employer did present a *prima facie* case of misconduct, a remand is required to permit the commission to balance claimant's evidence of mitigation against employer's evidence of disqualifying misconduct. We hold the record establishes the commission weighed the evidence of both parties and concluded, based on that weighing, that employer failed to present a *prima facie* case of misconduct. We also hold the evidence, viewed in the light most favorable to claimant and the commission, supports that conclusion. Thus, we hold the commission was not required to assess claimant's evidence of mitigation in order to conclude he was entitled to benefits. We affirm the commission's ruling that claimant qualifies for unemployment compensation, and we hold that no remand is required.

We have recognized that the term "*prima facie*" has two meanings: As we discussed in Whitt, 20 Va. App. at 438, 457 S.E.2d at 782, establishing a *prima facie* case may mean that the party with the burden of proof has presented sufficient "plausible evidence (*regardless of whether it is in fact believed*) . . . [to] shift[] the burden of persuasion to the other side to rebut it." Cent. Va. Obstetrics & Gynecology Assocs., P.C. v. Whitfield, 42 Va. App. 264, 274, 590 S.E.2d 631, 637 (2004) (discussing these principles in the context of the Virginia Birth-Related Neurological Injury Compensation Act) (emphasis added). The term *prima facie* may also "be[]

used alongside an actual preponderance standard[,] . . . requir[ing] the factfinder to *subjectively* believe the evidence preponderates in the [movant's] favor, not merely to conclude that an objective, rational factfinder could so find." Id. at 275-76, 590 S.E.2d at 637 (emphasis added).

The commission's written opinion here makes clear it used the term *prima facie* in the latter sense—it assessed the witnesses' credibility and weighed the evidence as a whole before concluding subjectively, as it was authorized to do, that employer had not proved claimant engaged in willful misconduct. The commission expressly "reject[ed] [certain] testimony of the employer" that she warned claimant about his lack of productivity in November 2006, and it did so in part because "the claimant specifically den[ied]" employer made such statements. It also expressly found that claimant "received a Christmas bonus with a note indicating it was for a job well done" and that employer "terminate[d] the claimant due to his inability to pick up procedures on his own and do the necessary multi-tasking required in a solo practice law office." Thus, we consider on the merits whether the evidence supported the commission's findings on the misconduct issue.

The evidence, viewed in the light most favorable to claimant, was that he worked at his job in what he believed was a diligent manner for the duration of his employment, albeit not in a manner that met employer's expectations for the paralegal position for which she had hired him, and that he worked eight hours a day for each day he was paid to work. He testified that employer provided him with little formal training and that he asked questions when he did not understand how to perform an assigned task. He explained he did not seek help with his workload or tell anyone he was having trouble completing his work in a timely fashion because, until January 26, 2007, just six days before employer terminated his employment, employer did not do or say anything to indicate "there was any issue with [his] performance." To the contrary, he offered into evidence the holiday greeting card containing the $200 check and the note

thanking him for his help. The commission expressly relied upon this evidence in rejecting employer's testimony that she wanted to terminate claimant after only two weeks due to his inefficiency and that, when he begged her not to do so, she agreed to place him on three months' probation, which he failed to complete successfully, resulting in his termination. The commission properly refrained from relying on evidence of claimant's alleged poor job performance about which employer learned only *after* she had discharged claimant, as such evidence was not relevant to the commission's determination of whether claimant's behavior *causing* the discharge was egregious enough to qualify as misconduct. See Whitt, 20 Va. App. at 437, 457 S.E.2d at 731.

The commission concluded claimant's behavior about which employer knew at the time she discharged him constituted, at most, "poor performance or errors in judgment which would not be sufficient to constitute misconduct in connection with work." The commission was entitled to view the evidence as it did and to conclude this evidence failed to establish "acts or omissions [that were] of such a nature or so recurrent as to manifest a willful disregard of those interests and the duties and obligations he owes his employer." See Branch, 219 Va. at 611, 249 S.E.2d at 182. Compare Borbas, 17 Va. App. at 723-24, 440 S.E.2d at 632 (holding the evidence failed to prove that Borbas, a prison employee, committed willful misconduct where she violated three unrelated security procedures over a period of approximately fourteen months and never exhibited "a period of adequate job performance prior to [her] breaches of security," thereby failing to exclude the inference that her behavior was negligent rather than willful), with Britt, 14 Va. App. at 985-86, 420 S.E.2d at 524-25 (holding an employee who had been reprimanded on three separate occasions for the same behavior—cursing and talking back to his supervisor—was guilty of misconduct); Helmick, 14 Va. App. at 859-60, 421 S.E.2d at 26-27 (holding an employee's repeated refusal to follow her employer's reasonable instructions—refusing to

prepare a report, adding unauthorized information to a second report, and sending out two additional reports without allowing her supervisor to review them, in direct contravention of his orders—amounted to misconduct); and Robinson, 12 Va. App. at 940, 407 S.E.2d at 354 (involving an employee's repeated consumption of the employer's food without paying for it, a volitional act in clear violation of company policy).

Because the evidence supported the commission's finding on the merits that claimant was not discharged for misconduct, the commission was not required to assess claimant's evidence of mitigation.

III.

For these reasons, we affirm the circuit court's decision affirming the commission's ruling that claimant was entitled to receive unemployment compensation.

Affirmed.