COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Frank and Petty
Argued at Salem, Virginia

UNPUBLISHED

JILL E. HALL

MEMORANDUM OPINION[*] BY
v.      Record No. 1876-12-3          JUDGE WILLIAM G. PETTY
JUNE 18, 2013

VIRGINIA EMPLOYMENT COMMISSION AND
  PROCESS MANAGEMENT TECHNOLOGIES, INC.


FROM THE CIRCUIT COURT OF THE CITY OF SALEM
Robert P. Doherty, Jr., Judge

Henry L. Woodward (Legal Aid Society of Roanoke Valley, on
brief), for appellant.

Elizabeth B. Myers, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General; Joshua E. Laws, Assistant Attorney
General, on brief), for appellee Virginia Employment Commission.

No brief or argument for appellee Process Management
Technologies, Inc.


Jill E. Hall appeals the circuit court's order affirming the Virginia Employment

Commission's (VEC) decision that she is disqualified from receiving unemployment benefits under

Code § 60.2-618(2) because she was discharged from her employment with Process Management

Technologies, Inc. (employer) due to misconduct in connection with work.  For the following

reasons, we reverse the circuit court's order and remand the matter for further proceedings

consistent with this opinion.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite below only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal. Under Code § 60.2-625(A), "the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law." However, whether a claimant may be disqualified from benefits for work-related misconduct "is a mixed question of law and fact reviewable by this court on appeal." Israel v. Virginia Emp't Comm'n, 7 Va. App. 169, 172, 372 S.E.2d 207, 209 (1988).

On August 22, 2011, Hall's supervisors met with her to discuss what they described as an unapproved absence from the previous week, as well as ongoing absences and tardiness. Her supervisor testified at the hearing before the appeals examiner that they met with claimant on that date to determine whether she was going to be terminated that day. He noted that claimant had "missed over . . . 60 hours of work, uh, well beyond the absenteeism policy of the company. She was told repeatedly, verbally and in writing, that if her behavior did not change, we could not keep her." The discussion escalated, and claimant told her supervisor she thought she needed to record the conversation. She reached for her cell phone in order to record the meeting, and attempted to record, but her supervisors told her not to do so. After Hall insisted that she was going to record the meeting, she was told by her employer to gather up her personal effects and leave.

Hall filed for unemployment compensation. After a hearing before the appeals examiner, and an appeal to the full commission, the VEC concluded that Hall's insistence that she was going to record the August 22 meeting despite her employer's repeated demands that she not do so was "the precipitating event" which prompted employer to discharge her and that this conduct

- 2 -

constituted insubordination. It further concluded that the insubordination warranted a finding of misconduct. In light of this conclusion, the VEC held that employer was not required to prove that Hall's conduct prior to the August 22 meeting constituted misconduct connected with her work. Because of these findings, the VEC held that Hall was disqualified from unemployment compensation.[1]

## II.

Under Code § 60.2-618, "An individual shall be disqualified for benefits upon separation from the last employing unit . . . (2)(a) if the Commission finds such individual is unemployed because he has been discharged for misconduct connected with his work."

> [A]n employee is guilty of "misconduct connected with his work" when he *deliberately* violates a company rule reasonably designed to protect the legitimate business interests of his employer, or when his acts or omissions are of such a nature or so recurrent as to manifest a *willful* disregard of those interests and the duties and obligations he owes his employer.

Branch v. Virginia Emp't Comm'n, 219 Va. 609, 611, 249 S.E.2d 180, 182 (1978) (emphasis in original).

However, "[a] forfeiture of benefits will be upheld only where the facts clearly demonstrate 'misconduct.'" Kennedy's Piggly Wiggly Stores, Inc. v. Cooper, 14 Va. App. 701, 707, 419 S.E.2d 278, 282 (1992). "The employer bears the burden of proving [that] misconduct." Id. at 705, 419 S.E.2d at 280. Even if the employer meets this burden, the

---

[1] The VEC adopted the factual findings of the appeals examiner with minor changes. Those factual findings included a generalized recitation that the employer had complaints with Hall's tardiness and absenteeism. There was also a discussion of the facts surrounding her absence on August 17 and her late arrival on August 18, as well as Hall's justification for both. However, neither the appeals examiner nor the VEC made any findings regarding the credibility of Hall's justification, or whether her justification constituted circumstances in mitigation of the conduct.

employee can avoid forfeiture if he can establish "circumstances in mitigation" of his conduct.

Id. (quoting Branch, 219 Va. at 611-12, 249 S.E.2d at 182).

In her first assignment of error, Hall argues that the circuit court erred in applying the doctrine of "right result for the wrong reason" to affirm the VEC's decision. Specifically, she contends that the circuit court erred when it held

> that this review is controlled by the doctrine of "the right result for the wrong reason," Rives v. Commonwealth, 284 Va. 1, 4[, 726 S.E.2d 248, 250] (2012): so that even if the conduct identified by the VEC as disqualifying for benefits was not properly disqualifying (which the Court need not decide), one among the other grounds of disqualification urged by the employer would have been disqualifying as shown by the record and the findings of fact. Other grounds argued by petitioner are moot. [2]

The Supreme Court in Rives held:

> An appellate court may properly affirm a judgment appealed from where the court from which the appeal was taken reached the correct result but assigned a different reason for its holding. This "right result for the wrong reason" doctrine is inapplicable where the "right reason" cannot be fully supported by the evidence in the record, where the development of additional facts would be necessary to support it, or where the appellant was not on notice in the trial court that he might be required to present evidence to rebut it.

284 Va. at 2-3, 726 S.E.2d 250 (internal citations omitted); see also Banks v. Commonwealth, 280 Va. 612, 617, 701 S.E.2d 437, 440 (2010) (explaining that "the record must show how the

---

[2] The circuit court did not expressly state the "right reason" upon which it based its decision to affirm the VEC decision to disqualify claimant for benefits. The circuit court merely stated that it "need not decide" whether the "conduct identified by the VEC" (claimant's attempted recording on August 22) "was not properly disqualifying." No transcripts were filed with the circuit court from any proceedings before it in this matter. Thus, we do not have any additional record to explain what the circuit court found was the "right reason" to affirm the VEC's decision. The circuit court presumably believed that another ground presented in the proceedings below constituted misconduct (i.e., claimant's absenteeism and tardiness), because it stated "one among the other grounds of disqualification urged by the employer would have been disqualifying as shown by the record and the findings of fact." However, as we note below, the circuit court does not act as fact finder on appeal from the VEC's case decision.

- 4 -

[fact finder] resolved" relevant evidentiary disputes and "demonstrate how contradicting testimony was weighed or credited" before the doctrine of the "right result for the wrong reason" may be applied on appeal).[3] Because we agree with Hall that the doctrine of the "right result for the wrong reason," even if applicable to a judicial review pursuant to Code § 60.2-625, was misapplied by the circuit court, we reverse and remand.

As we have noted, before the "right result for the wrong reason" doctrine can be applied by an appellate court, the record must contain all the findings of fact necessary for the appellate court to find the right result. Here, the VEC did not address any of employer's allegations[4] of

_____

[3] Although Virginia courts continue to refer to this legal principal as "right result for the wrong reason," in other jurisdictions it has come to be known as the more colorful "tipsy coachman" doctrine. See Robertson v. State, 829 So. 2d 901, 906 (Fla. 2002). In Lee v. Porter, 63 Ga. 345, 346 (1879), Justice Bleckley quoted Oliver Goldsmith's 1774 poem, Retaliation, to illustrate the concept.

> It may be that we would draw very different inferences [from those drawn by the trial court], and these differences might go to uphold the judgment; for many steps in the reasoning of the court below might be defective, and still its ultimate conclusion be correct. It not infrequently happens that a judgment is affirmed upon a theory of the case which did not occur to the court that rendered it, or which did occur and was expressly repudiated. The human mind is so constituted that in many instances it *finds the truth* when wholly unable to *find the way* that leads to it.
>
> "The pupil of impulse, it forc'd him along,
>
> His conduct still right, with his argument wrong;
>
> Still aiming at honor, yet fearing to roam,
>
> The coachman was tipsy, the chariot drove home."

[4] Employer's official VEC "Report of Separation" form indicates that the reason employer gave claimant for her discharge was "[c]hronic tardiness, absenteeism, poor attitude, and performance." At no point before the appeals examiner first raised the attempt to record as misconduct justifying Hall's discharge did employer expressly articulate the attempt to record as even a part of its reason for terminating her employment. Cf. McNamara v. VEC, 54 Va. App. 616, 627, 630, 681 S.E.2d 67, 72, 74 (2009) (in holding conduct discovered after discharging an employee cannot serve as a basis for proving misconduct barring benefits, implicitly concluding

- 5 -

misconduct; instead, it based its decision on Hall's conduct during the August 22 meeting. The VEC expressly held that "the employer was not required to prove that the claimant's prior policy violations, or any other prior acts or omissions, or recurrent or willful misconduct, i.e., anything prior to August 22nd, also constituted misconduct connected with work."

Thus, to the extent the circuit court relied on Hall's conduct prior to August 22 to establish her misconduct, it did so without any findings by the VEC that Hall (1) deliberately violated a company rule reasonably designed to protect the legitimate business interests of her employer or (2) engaged in acts or omissions of such a nature or so recurrent as to manifest a willful disregard of those interests and the duties and obligations she owed employer. See Branch, 219 Va. at 611, 249 S.E.2d at 182. Furthermore, the VEC did not resolve the factual conflicts between Hall and her employer regarding the conduct, and it did not address whether there were circumstances in mitigation of her conduct.

The circuit court cannot affirm a VEC decision based upon a "right reason" unless the VEC made all the factual findings and credibility determinations necessary to support that reason. See Banks, 280 Va. at 617, 701 S.E.2d at 440. Simply put, "'[t]he proper application of this rule does not include those cases where, because the trial court has rejected the right reason or confined its decision to a specific ground, further factual resolution is needed before the right reason may be assigned to support the trial court's decision.'" Whitehead v. Commonwealth, 278 Va. 105, 115, 677 S.E.2d 265, 270 (2009) (quoting Harris v. Commonwealth, 39 Va. App. 670, 675-76, 576 S.E.2d 228, 231 (2003)).

---

that the proper standard for evaluating the discharge requires examining the subjective basis for it); 76 Am. Jur. 2d Unemployment Compensation § 71 (citing, inter alia, Landy & Zeller v. Unempl. Comp. Bd. of Rev., 531 A.2d 1183, 1185 (Pa. Comm. Ct. 1987) ("[T]he employer's burden in cases of willful misconduct includes the burden to prove that the infraction involved was the actual reason for the discharge.")).

III.

For the foregoing reason, we reverse the circuit court's order in this case.[5]  Because the circuit court did not address the actual holding of the VEC, we remand the matter to the circuit court so that it can determine whether the specific conduct that the VEC relied upon to disqualify Hall for benefits constitutes misconduct under Code § 60.2-618.  See Commonwealth v. Tuma, 285 Va. 629, 639-40, 740 S.E.2d 14, 20 (2013) (reversing and remanding the decision of the Court of Appeals for its consideration of an assignment of error that had not been considered in that Court).

Reversed and remanded.

---

[5] Hall includes four additional assignments of error in her opening brief pertaining to issues not addressed by the circuit court.  Because we reverse and remand this case to the circuit court on the first assignment of error, we need not address these additional assignments of error.