COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Petty and Chafin
Argued at Lexington, Virginia

RICHARD YOWELL

v.      Record No. 1679-13-3

ROYAL IMPORT, INC. AND
 UNINSURED EMPLOYER'S FUND

MEMORANDUM OPINION* BY
JUDGE ROBERT J. HUMPHREYS
JUNE 3, 2014

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Andrew D. Finnicum (James B. Feinman; James B. Feinman &
Associates, on brief), for appellant.

Thomas H. Miller (Audra M. Marcum; Dennis P. Brumberg; Frankl
Miller & Webb, LLP; Brumberg Mackey & Wall, P.L.C., on brief),
for appellee Royal Import, Inc.

Nathaniel D. Moore (Penn, Stuart & Eskridge, on brief), for appellee
Uninsured Employer's Fund.


Richard Yowell ("Yowell" or "claimant") appeals the denial of his claim by the Virginia

Workers' Compensation Commission (the "commission"). Yowell asserts five assignments of

error as the basis for his appeal: (1) the commission erred in arbitrarily dismissing the deputy

commissioner's determination of credibility concerning William Rudisill ("Rudisill"); (2) the

commission erred in arbitrarily dismissing the deputy commissioner's determination of

credibility concerning Yowell; (3) the commission erred in arbitrarily dismissing the deputy

commissioner's determination of incredibility concerning Joseph Melki ("Melki") and Jacob

Mahgerefteh ("Mahgerefteh"); (4) the commission erred in failing to give proper deference to the

opinions of the treating physicians, Drs. Stidham and Harron; and (5) the commission erred in

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

reversing the deputy commissioner's finding that Yowell met his burden of proving that he suffered a compensable injury.

This Court reviews legal determinations by the commission *de novo*. However, "[d]ecisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court." Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991). For the reasons that follow, we affirm the commission's decision.

Yowell's first, second, and third assignments of error all allege that the commission erred by arbitrarily dismissing the deputy commissioner's determination regarding the credibility of certain witnesses—namely Rudisill, Yowell, Melki, and Mahgerefth. Yowell and Rudisill both testified that Yowell was injured on April 30, 2012 while lifting a tire at his place of employment, Royal Import. Melki and Mahgerefth, the co-owners of Royal Import, denied that Yowell ever reported such an injury until after he had terminated his employment. The deputy commissioner found Yowell's story credible and awarded him temporary total benefits. The commission reversed the deputy commissioner's award concluding that it was "unable to adopt the deputy commissioner's credibility finding" because Yowell and Rudisill's testimony that Yowell suffered an injury while lifting a tire on April 30, 2012 was completely contradicted by the "initial medical records."

The commission has statutory authority to hear a case *de novo* and "is not bound by the credibility determinations or other factual findings of the deputy." McNamara v. Va. Empl. Comm'n, 54 Va. App. 616, 624, 681 S.E.2d 67, 71 (2009); see also Commonwealth v. Bakke, 46 Va. App. 508, 528, 620 S.E.2d 107, 117 (2005) ("By statute, a request for review empowers the commission to consider the case *de novo*.").

> From this statutory authority . . . when the [commission] opts to conduct a review on the record without hearing evidence, it must

> explain any credibility determinations it makes that are contrary to the deputy's *only if* the deputy "ma[de] an explicit finding of credibility based upon a witness' demeanor or appearance at the hearing."

McNamara, 54 Va. App. at 624, 681 S.E.2d at 71 (emphasis added) (quoting Bullion Hollow Enters., Inc. v. Lane, 14 Va. App. 725, 728, 418 S.E.2d 904, 907 (1992)). The rule first articulated in Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 363 S.E.2d 433 (1987), requires that when the deputy commissioner makes an explicit credibility determination based on a witness' demeanor or appearance, "the commission may reverse that factual finding when it articulates a basis for its different conclusion that is supported by credible evidence." Bullion Hollow Enters., 14 Va. App. at 729, 418 S.E.2d at 907 (citing Pierce, 5 Va. App. at 382, 363 S.E.2d at 437). Conversely, "[a]bsent a specific, *recorded observation regarding the behavior, demeanor or appearance of [a witness]*, the commission ha[s] no duty to explain its reasons for finding [one witness] more credible than [another]." Id. (emphasis added); see also Pierce, 5 Va. App. at 383, 363 S.E.2d at 438 ("The law does not require the commission to state its reasons for believing one witness over another.").

In Pierce, this Court held that the commission was required to articulate its reasons for reaching a different conclusion than the deputy commissioner because the deputy commissioner specifically cited his personal observation of Pierce's appearance and demeanor on the stand— such as Pierce's evasive and argumentative answers on cross-examination—as the basis for finding him not credible. Id. at 382, 363 S.E.2d at 433. In this case, unlike in Pierce, although the deputy commissioner credited Yowell's and Rudisill's testimony over other testimony, that "decision d[id] not set forth a credibility determination *formed by observing the witness[es]' demeanor or appearance*." Bullion Hollow Enters., 14 Va. App. at 729, 418 S.E.2d at 907 (emphasis added). The deputy commissioner merely concluded that he believed Yowell's and Rudisill's version of events—however nothing in the deputy commissioner's decision indicates

- 3 -

that his conclusions were based upon his personal observation of the witnesses' demeanor or appearance at the hearing. Consequently, the commission had no obligation to articulate its specific reasons for finding certain witnesses more credible than others, and therefore the Pierce rule does not apply in this case.

Because "the deputy commissioner's determination of credibility [wa]s based upon the substance of the testimony rather than upon the witness's demeanor, such a finding [wa]s as determinable by the full commission as by the deputy [commissioner]." Kroger Co. v. Morris, 14 Va. App. 233, 236, 415 S.E.2d 879, 881 (1992). Accordingly, this Court must next determine whether the commission's factual determination that Yowell did not suffer an injury while lifting a tire at work on April 30, 2012 is supported by the record. This Court will uphold the commission's findings of fact as long as they are supported by credible evidence. See Bullion Hollow Enters., 14 Va. App. at 730, 418 S.E.2d at 907 ("Although contrary evidence may exist in the record, findings of fact made by the commission will be upheld on appeal when supported by credible evidence.").

In this case, the commission's rejection of Yowell's claim of injury by accident at Royal Import on April 30, 2012 is supported by credible evidence in the record. The commission refused to accept Yowell's version of events based on two facts: 1) the initial medical reports in the days following April 30, 2012 where Yowell denied or was silent as to whether a particular event caused his pain; and 2) the medical records that reflected inconsistent accounts given by Yowell as to the specific details of the April 30, 2012 incident. Specifically, the commission noted that the initial medical records from May 2, 2012 and May 5, 2012 reflect that Yowell either denied, or did not mention, any injury or heavy lifting to his health care providers. The commission placed significant weight on the May 10, 2012 medical history form where Yowell

handwrote "no" when asked whether there was a particular event that caused his current pain.[1]

The commission declined to find Yowell's explanation for his "no" response—that he did not see a place on the sheet to describe his accident or that he was of unclear mind when completing the medical questionnaire—persuasive. Importantly, the commission reasoned that Yowell's "negative responses to the specific questions as to whether a particular event caused his pain or problem is simply inexplicable if the claimant had suffered the specific injury by accident at work as alleged." The commission additionally noted that Yowell's account of how he was injured to different health care providers did "not reflect histories consistent with the history given by [Yowell] at the hearing." The recollections he gave to Drs. Harron, Qandah, and Leipzig varied in the details of the incident—for example, what item Yowell was lifting, whether he was struck in the chest, and when he began to experience pain.

Yowell's fourth assignment of error that the "Commission erred in failing to give proper deference to the opinions of the treating physicians, Dr. Stidham and Dr. Harron," is similarly without merit. The "opinions" that Yowell claims that the commission gave no basis for "ignoring" are letters that were drafted by Yowell's attorneys to which the doctors had the option

---

[1] Yowell asserts that "[d]espite the Deputy Commissioner's clear and careful ruling, the Commission ignored this Court's Martin holding." In addressing Yowell's inconsistent statements on May 2, 2012 and May 10, 2012, the deputy commissioner cited Board of Supervisors v. Martin, 3 Va. App. 139, 144, 348 S.E.2d 540, 542 (1986), for the proposition that a "doctor's history taken from claimant or others is not evidence upon which the Commission should rely to determine how the accident occurred, because it is impermissible hearsay if used for that purpose." Yowell's argument is misplaced. It is well established that the commission has the discretion to consider hearsay statements in arriving at its findings of facts and is not bound by common law rules of evidence. See Va. Workers' Comp. Comm'n R. 2.2. This Court explained in Pence Nissan Oldsmobile v. Oliver, 20 Va. App. 314, 318, 456 S.E.2d 541, 543 (1995), that the holding in Martin was limited to the fact that the "commission's findings violated Massie v. Firmstone, 134 Va. 450, 462, 114 S.E. 652, 656 (1922), which stated that a party is bound by his or her unequivocal testimony at trial. Any other language in Martin regarding the common law rules of evidence was dicta." Moreover, in this case, the medical records were not being used to determine *how* the injury happened, but merely to impeach Yowell's claim that he suffered an injury at work on April 30, 2012. Therefore, the commission did not improperly rely on Yowell's medical histories in rejecting his version of events.

to check "true" or "false." Dr. Stidham's letter was a long paragraph that detailed the treatment he provided Yowell and included the sentence: "The April 30, 2012 workplace accident caused his injury thereby causing the need for treatment and his subsequent disability." Similarly, Dr. Harron's letter included the sentence: "The April 30, 2012 workplace accident caused Mr. Yowell's injury, thereby causing the need for the recommended treatment." As discussed above, the commission's decision was not based on whether Yowell was physically in pain or whether he needed treatment—it simply found that Yowell's claim that he was injured at work on April 30, 2012 was not credible. Drs. Stidham's and Harron's knowledge of *how* Yowell developed back problems is limited to what *Yowell himself told them.* Therefore, the commission was not, as Yowell claims, "ignoring this clear opinion of the treating specialist."

"For an injury to be compensable . . . the claimant must prove by a preponderance of the evidence three elements: (1) that the injury was caused by an accident; (2) that the injury was sustained in the course of the employment; and (3) that the injury arose out of the employment." Southland Corp. v. Parson, 1 Va. App. 281, 283-84, 338 S.E.2d 162, 163 (1985). Therefore, because there is credible evidence in the record to support the commission's factual finding that Yowell did not suffer an injury at work on April 30, 2012, we cannot say as a matter of law that the commission erred in ruling that Yowell failed to meet his burden of proving a compensable injury. Consequently, Yowell's fifth assignment of error fails.

Based on the foregoing, we find no error and affirm the commission's ruling that Yowell failed to prove a compensable injury.

Affirmed.

- 6 -